IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEREMY NATHANIEL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 119-165 |
| LATASHA HARRIS and WARDEN EDWARD PAILBEN, | ) ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names as Defendants: (1) Latasha Harris, Unit Manager; and (2) Warden Edward Pailben. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2018, prison officials placed Plaintiff in handcuffs while he was on suicide watch for attempting to flood his cell. (Id. at 5.) Prison officials attempted to retrieve the

handcuffs, but Plaintiff refused. (Id.) In response, Unit Manager Harris instructed Cert Team Officer Smith to spray Plaintiff with an unspecified substance. (Id.) Plaintiff's hands were still behind his back while Officer Smith sprayed Plaintiff. (Id.) Plaintiff states he was not "acting up at the time." (Id.)

After the incident where Plaintiff was sprayed, Plaintiff stayed in Cell 313 for a month without running water. (Id.) His toilet was full of excrement, and Officer Taylor would have to pour a bucket full of water to flush the toilet. (Id.) Plaintiff states Unit Manager Harris caused this because she would not let Plaintiff have running water. (Id.) Plaintiff further states he was left in a cell without a mattress for a month because Unit Manager Harris would not let Plaintiff have one. (Id.) Plaintiff seeks $30,000 in compensatory damages and $30,000 in punitive damages from each Defendant. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Warden Edward Pailben

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported

constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff alleges no facts regarding Warden Edward Pailben or connecting him to the events alleged to have occurred. Therefore, Plaintiff fails to state a claim against Warden Edward Pailben.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Warden Edward Pailben be **DISMISSED** for failure to state a claim, and Warden Edward Pailben be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Eighth Amendment claims for excessive force and conditions of confinement against Unit Manager Harris.

SO REPORTED and RECOMMENDED this 18th day of October, 2019, at Augusta, Georgia.

　　　　　　　　　　　　　　　　　　/s/ Brian K. Epps
　　　　　　　　　　　　　　　　　　BRIAN K. EPPS
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF GEORGIA