IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEREMY NATHANIEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-165 |
| | ) | |
| LATASHA HARRIS; JASON SMITH; FNU LEE, Nurse; and FNU HARPOL, Mental Health Doctor, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown Georgia, commenced this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). On March 2, 2019, Plaintiff filed a motion to compel four different requests of discovery from Defendant Harris. (Doc. no. 29.) The filing does not contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel. Defendant Harris opposes the motion, arguing she did not receive Plaintiff's discovery requests until the day he filed his motion to compel, and by the time of filing her response to Plaintiff's motion, Defendant Harris satisfied two of Plaintiff's four requests while awaiting additional discovery from the Georgia Department of Corrections to turn over the last two. (Doc. no. 36.)

Plaintiff's motion to compel runs afoul of Local Rule 26.5, about which the Court previously informed Plaintiff:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 12, pp. 4-5.)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

Additionally, Plaintiff's motion was premature in that he did not allow Defendant Harris time to serve her responses to his discovery requests. Upon filing of Plaintiff's motion, which was the first-time defense counsel learned of Plaintiff's discovery requests, defense counsel met with Plaintiff on March 5, 2020 to discuss the discovery requests and showed Plaintiff the videos he requested in his motion. (Doc. no. 36, pp. 1-2; doc. no. 36-2.) On March 16, 2020, defense counsel for Defendant Harris mailed the additional discovery Plaintiff requested, leaving only two of four requests remaining in Plaintiff's motion. (Doc.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

2

no. 36, p. 2.) Defense counsel states Plaintiff's remaining two discovery requests will be sent to Plaintiff once they are received from the Georgia Department of Corrections. (Id.) Thus, it is clear Plaintiff did not wait to receive Defendant Harris's responses, which were timely filed, before filing the present motion.

Accordingly, the Court **DENIES** Plaintiff's motion, (doc. no. 29), based on the failure to comply with the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure.

Should any dispute remain after Plaintiff considers Defendant Harris's responses to his discovery requests, Plaintiff should first contact defense counsel to attempt to resolve the dispute before filing a motion with the Court. He must then attach to any subsequent motion to compel a certification that he made a good faith effort to resolve the dispute with opposing counsel before filing his motion, quote verbatim each request for production at issue, and include the specific ground for the motion and reasons assigned as supporting the motion. See Loc. R. 26.5.

SO ORDERED this 16th day of March, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA