IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JEREMY NATHANIEL WILLIAMS,    )
                             )
            Plaintiff,        )
                             )
    v.                        )        CV 119-165
                             )
LATASHA HARRIS; JASON SMITH; FNU )
LEE, Nurse; and FNU HARPOL, Mental )
Health Doctor,                )
                             )
            Defendants.       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING OF THE AMENDED COMPLAINT

### A.    BACKGROUND

Plaintiff names as Defendants:  (1) Latasha Harris, Unit Manager; (2) Jason Smith, CERT Team Officer; (3) Nurse Lee; and (4) Dr. Harpol.  (Doc. no. 28, pp. 1-3.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 2, 2018, Plaintiff, while in the crisis stabilization unit at ASMP, had a vision of his old roommate killing himself.  (Doc. no. 28-1, p. 1.)  Plaintiff told an officer and nurse he

needed to see a mental health counselor.  (Id.)  Plaintiff covered his window so he could get attention.  (Id.)  Unit Manager Harris arrived, and Plaintiff told her of his vision and need to see a mental health counselor.  (Id.)  Plaintiff began banging his head against a wall in front of Unit Manager Harris.  (Id.)  She told Plaintiff he did not need a mental health counselor and nothing was wrong with him.  (Id.)  Plaintiff alleges Unit Manager Harris denied him proper treatment. (Id.)

Also on October 2, 2018, Plaintiff was moved to a new cell with no mattress.  (Id.) While in handcuffs and in his cell, Plaintiff flooded his cell for the purpose of securing services with a mental health counselor.  (Id.)  Unit Manager Harris arrived, and Plaintiff told her he would not uncuff until a counselor came.  (Id.)  Unit Manager Harris instructed Officer Smith to spray Plaintiff with pepper spray, saying she wanted to teach Plaintiff a lesson and had a "trick for his butt."  (Id.)  Unit Manager Harris and Officer Smith started filming, which caused Plaintiff to act like he was swallowing something. (Id.)  Officer Smith sprayed Plaintiff while he was still in handcuffs and not showing a threat.  (Id.)  Plaintiff was left in his cell with no mattress and a cell full of water.  (Id. at 2.)  On an unknown date, Plaintiff returned from medical to a cell with no mattress or running water, which lasted for a whole month.  (Id. at 1.)  When screening the original complaint, the Court found the above facts stated valid Eighth Amendment claims for excessive force and conditions of confinement against Unit Manager Harris.  (Doc. nos. 10, 11.)

The amended complaint seeks to add the following allegations and claims.  On May 11, 2019, Plaintiff spoke with Nurse Lee about refusing Plaintiff his pain medication.  (Id. at 2.) Plaintiff stood in the sink of his cell, which prompted Nurse Lee to call Dr. Harpol because she

thought Plaintiff was trying to hurt himself. (<u>Id.</u>) Nurse Lee ordered Plaintiff placed in a five-point restraint, causing Plaintiff to tear the sink off the wall. (<u>Id.</u>) Unknown officers tied Plaintiff down to a bed without a mattress. (<u>Id.</u>) Plaintiff told Nurse Lee he needed a mattress, but Nurse Lee told a lieutenant Plaintiff did not need one. (<u>Id.</u>)

On May 13, 2019, Dr. Harpol came to Plaintiff's cell and saw he had no mattress while in restraints. (<u>Id.</u>) Dr. Harpol told Unit Manager Harris Plaintiff could not be tied down without a mattress and to get him one. (<u>Id.</u>) Unit Manager Harris later told Plaintiff she was not going to get him one. (<u>Id.</u>) On May 14, 2019, officers released Plaintiff from the five-point restraint with urine on himself from the past three days. (<u>Id.</u>) Once released from the restraints, Plaintiff noticed he had sore spots on his shoulder and hip from lying down three days on steel. (<u>Id.</u>)

Plaintiff seeks $30,000 in compensatory damages and $30,000 in punitive damages from each Defendant. (Doc. no. 28, p. 5.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims are Improperly Joined Under Rule 20

Plaintiff's claims involve two separate series of events. The first series of events began on October 2, 2018 and involved Unit Manager Harris's refusal of a mental health counselor

4

for Plaintiff while he hurt himself, Officer Smith pepper spraying Plaintiff at Unit Manager Harris's direction, and Unit Manager Harris and Officer Smith leaving Plaintiff in his cell without running water and a mattress for approximately one month. (Doc. no. 28-1, 1-2.) The second involves the May 11 to May 14, 2019, series of events where Plaintiff remained in restraints for three days without a mattress. (Id.) Plaintiff cannot bring unrelated claims in a single lawsuit under Fed. R. Civ. P. 20. There are two requirements for joinder under Rule 20: (1) all claims against joined defendants must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319. A claim may be dismissed without prejudice where it does not comply with Rule 20. Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015.)

Plaintiff has not alleged any facts connecting the series of events beginning on October 2, 2018, and May 11, 2019, respectively. Plaintiff does not allege the incidents were factually related, especially in light of the fact the events occurred more than seven months apart. In short, there is no indication the two sets of claims have any logical relationship to each other. Accordingly, Plaintiff's claims occurring between May 11 and May 14, 2019, should be dismissed without prejudice to allow Plaintiff the opportunity to bring these claims in a separate lawsuit, if he desires.[1] Further, Nurse Lee and Dr. Harpol should be dismissed because Plaintiff failed to allege any facts connecting them to the October 2, 2018 events. <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

If Plaintiff submits a new complaint in a separate case, it must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order for this purpose.

complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

### 3. Plaintiff's Motion to Add Complaint

On March 5, 2020, Plaintiff filed a Motion to Add Complaint, wherein Plaintiff seeks to amend his complaint to add additional claims and Defendants from events occurring on February 26, 2020. (Doc. no. 31.) Specifically, Plaintiff alleges Officer Warren and CO Lane assaulted Plaintiff, and Lieutenant Jordan and Unit Manager Snow denied Plaintiff medical attention on two separate occasions. (Id.) On March 18, 2020, Unit Manager Harris responded in opposition to Plaintiff's motion, arguing his additional claims are unrelated pursuant Rule 20. (Doc. no. 38.)

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam); Foman v. Davis, 371 U.S. 178, 182 (1962). That said,

leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).

However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)).

The Court previously allowed Plaintiff to amend his complaint once as a matter of right, and therefore, Plaintiff may not amend as a matter of course. (Doc. no. 26.) Additionally, Plaintiff's proposed amendment is futile because his claims would be subject to dismissal pursuant to Rule 20. The allegations Plaintiff attempts to add to his amended complaint occurred roughly seventeen months after the October 2018 series of events at issue here, and the events are not intertwined or connected. Thus, upon screening of his second amended complaint, the Court would dismiss the claims detailed in his motion pursuant to Rule 20.

Therefore, any amendment would be futile, and Plaintiff's motion to add complaint should be **DENIED**.  (Doc. no. 31.) If Plaintiff wishes to file suit based on the claims in his motion, he must file a separate case.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims occurring from May 11 to May 14, 2019, and Plaintiff's claims against Nurse Lee and Dr. Harpol be **DISMISSED** without prejudice pursuant to Rule 20, and Plaintiff's motion to add complaint be **DENIED**, (doc. no. 31).  In a companion Order, the Court has allowed Plaintiff's Eighth Amendment claims for excessive force and conditions of confinement against Unit Manager Harris and Officer Smith with respect to the first series of events beginning in October 2018 as plead in the original complaint and repleaded in the amended complaint.

SO REPORTED and RECOMMENDED this 3rd day of April, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA