IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEREMY NATHANIEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-165 |
| | ) | |
| LATASHA HARRIS; JASON SMITH; FNU LEE, Nurse; and FNU HARPOL, Mental Health Doctor, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants: (1) Latasha Harris, Unit Manager; (2) Jason Smith, CERT Team Officer; (3) Nurse Lee; and (4) Dr. Harpol. (Doc. no. 28, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 2, 2018, Plaintiff, while in the crisis stabilization unit at ASMP, had a vision of his old roommate killing himself. (Doc. no. 28-1, p. 1.) Plaintiff told an officer and nurse he needed to see a mental health counselor. (Id.) Plaintiff covered his window so he could get attention. (Id.) Unit Manager Harris arrived, and Plaintiff told her of his vision and need to see a mental health counselor. (Id.) Plaintiff began banging his head against a wall in front of Unit Manager Harris. (Id.) She told Plaintiff he did not need a mental health counselor and nothing was wrong with him. (Id.) Plaintiff alleges Unit Manager Harris denied him proper treatment. (Id.)

Also on October 2, 2018, Plaintiff was moved to a new cell with no mattress. (Id.) While in handcuffs and in his cell, Plaintiff flooded his cell for the purpose of securing services with a mental health counselor. (Id.) Unit Manager Harris arrived, and Plaintiff told her he would not uncuff until a counselor came. (Id.) Unit Manager Harris instructed Officer Smith to spray Plaintiff with pepper spray, saying she wanted to teach Plaintiff a lesson and had a "trick for his butt." (Id.) Unit Manager Harris and Officer Smith started filming, which caused Plaintiff to act like he was swallowing something. (Id.) Officer Smith sprayed Plaintiff while he was still in handcuffs and not showing a threat. (Id.) Plaintiff was left in his cell with no mattress and a cell full of water. (Id. at 2.) On an unknown date, Plaintiff returned from medical to a cell with no mattress or running water, which lasted for a whole month. (Id. at 1.) When screening the original complaint, the Court found the above facts stated valid Eighth Amendment claims for excessive force and conditions of confinement against Unit Manager Harris. (Doc. nos. 10, 11.)

The amended complaint seeks to add the following allegations and claims. On May 11, 2019, Plaintiff spoke with Nurse Lee about refusing Plaintiff his pain medication. (Id. at 2.) Plaintiff stood in the sink of his cell, which prompted Nurse Lee to call Dr. Harpol because she thought Plaintiff was trying to hurt himself. (Id.) Nurse Lee ordered Plaintiff placed in a five-point restraint, causing Plaintiff to tear the sink off the wall. (Id.) Unknown officers tied Plaintiff down to a bed without a mattress. (Id.) Plaintiff told Nurse Lee he needed a mattress, but Nurse Lee told a lieutenant Plaintiff did not need one. (Id.)

On May 13, 2019, Dr. Harpol came to Plaintiff's cell and saw he had no mattress while in restraints. (Id.) Dr. Harpol told Unit Manager Harris Plaintiff could not be tied down without a mattress and to get him one. (Id.) Unit Manager Harris later told Plaintiff she was not going to get him one. (Id.) On May 14, 2019, officers released Plaintiff from the five-point restraint with urine on himself from the past three days. (Id.) Once released from the restraints, Plaintiff noticed he had sore spots on his shoulder and hip from lying down three days on steel. (Id.)

Plaintiff seeks $30,000 in compensatory damages and $30,000 in punitive damages from each Defendant. (Doc. no. 28, p. 5.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has *arguably* stated a claims for excessive force and conditions of confinement against Unit Manager Harris and Officer Smith with respect to the first series of events beginning in October, 2018 as plead in the original complaint and repleaded in the amended complaint. See Hudson v. McMillian, 503 U.S. 1, 6 (1992) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious

3

injury."); Brooks v. Warden, 800 F.3d 1295, 1304 (11th Cir. 2015) ("[E]very sister circuit . . . has recognized that the deprivation of basic sanitary conditions can constitute an Eighth Amendment violation."); Chandler v. Baird, 926 F.2d 1057, 1063, 1065-66 (11th Cir. 1991) (finding Eighth Amendment violation where prisoner plaintiff deprived of toilet paper for three days, running water for two days, and lack of soap, toothbrush, toothpaste, and linen). In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's claims occurring from May 11 to May 14, 2019, and Plaintiff's claims against Nurse Lee and Dr. Harpol be dismissed without prejudice pursuant to Rule 20.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Jason Smith. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 28), and this Order by first-class mail and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain

5

facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a

motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the amended complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 3rd day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA